TROY L. CUMMINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cummins v. Commissioner
Docket No. 6933-75.
United States Tax Court
T.C. Memo 1976-286; 1976 Tax Ct. Memo LEXIS 114; 35 T.C.M. (CCH) 1280; T.C.M. (RIA) 760286; September 9, 1976, Filed Troy L. Cummins, pro se. Milton J. Carter, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency of $939.29 in petitioner's Federal income tax for 1973. The only issue for decision is whether petitioner is entitled to deduct under section 162(a)(2) [1]/ as travel expenses incurred while away from home in the pursuit of a trade or business the cost of his meals and lodging from April 2, 1973, through October 19, 1973. FINDINGS OF FACT Petitioner Troy L. Cummins *115 was a legal resident of Phoenix, Arizona, at the time his petition was filed with this Court. He filed his individual Federal income tax return for 1973 with the Western Region Service Center, Ogden, Utah. During 1973, petitioner was a carpenter and a member of Local Union No. 445, United Brotherhood of Carpenters and Joiners of America, whose offices were located in Kingman, Arizona. Prior to January 1, 1973, petitioner was assigned by his union to work on the Navajo Generating Station, a fossil fuel electrical generating facility in Page, Arizona, located approximately 300 miles from Kingman. Petitioner was employed by Bechtel Corporation and worked in Page from January 1, 1973, through October 19, 1973. His employment in Page was temporary in nature. Until July 1973, petitioner lived in his own travel trailer and paid space rental and utilities. In July 1973, he purchased a 12 X 60 foot mobile home and moved into it. For several years prior to 1973, petitioner lived with his wife and two children in the family home in Kingman. After petitioner went to work in Page, his wife and children continued to live at the Kingman residence. Petitioner left part of his clothing, *116 tools, and personal effects in the family home. Prior to April 2, 1973, petitioner returned to Kingman about once every 2 weeks, leaving Page on Friday evening and returning Sunday afternoon. While at home on these occasions, he made various repairs on the house, bought groceries, and maintained relationships with business acquaintances. On April 2, 1973, petitioner and his wife were divorced. The decree of divorce granted his former wife the family home and required petitioner to pay child support of $250 per month and $300 per month for the support of his former wife. Petitioner retained an interest in the family home in the form of a $4,000 lien to be paid to petitioner by his former wife when and if she sold the property. After the decree of divorce, petitioner duly paid the required amounts, and his former wife paid the utility bills and made the mortgage payments on the Kingman residence. After the April 2, 1973, divorce, petitioner continued to return to Kingman approximately once every 2 weeks in an effort to effect a reconciliation with his former wife. On these visits, petitioner continued to do repair work around the house, bought small amounts of groceries, occasionally *117 took the family on weekend trips or out for dinner, and, in general, tried to maintain a good relationship with his family. Petitioner did not move all his personal effects and tools out of the Kingman residence until January 1974. Petitioner made repeated efforts after the divorce to try to persuade his former wife to live with him in Page. On October 19, 1973, when petitioner finally decided that she would not move to Page, he quit his job, sold his mobile home, and moved to Phoenix in the hope that she would join him there. On his 1973 Federal income tax return, petitioner deducted as ordinary and necessary business expenses incurred for the entire period that he was in Page (January 1, 1973, through October 19, 1973) the amount of $5,328 as follows: Meals and lodging (292 days X $18
per day)
$5,256
Automobile expenses (600 miles X
12" per mile)
72
$5,328 Of the $5,328 petitioner deducted as ordinary and necessary business expenses, respondent allowed a deduction of $1,728 for expenses incurred from January 1, 1973, through April 2, 1973, the date of the divorce decree, as follows: Meals and lodging (92 days X $18
per day)
$1,656
Automobile expenses (600 miles X
12" per mile)
72
$1,728
*118 ULTIMATE FINDING OF FACT Petitioner's "tax home" ceased to be Kingman, Arizona, on April 2, 1973, the date of the divorce from his former wife and became Page, Arizona, the place at which he was working on that date. OPINION Section 162(a)(2) allows a deduction for-- all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; For an expenditure to be deductible as a traveling expense under this section, it must be shown that the expenditure was a reasonable and necessary traveling expense, that the expense was incurred "while away from home," and that it was incurred in pursuit of a trade or business. Whether these requirements are met is purely a question of fact in most cases. . In the instant case, there is no issue as to the reasonableness of petitioner's expenditures or as to the necessity of petitioner's living in Page, *119 where his skills were needed in the pursuit of his trade or business as a carpenter. The issue is whether the expenses for the period April 2, 1973, through October 19, 1973, which petitioner seeks to deduct, were incurred by him "while away from home." Where a taxpayer has a recognized principal place of business in one location but maintains his personal residence in another, this Court has consistently held his "tax home," within the meaning of section 162(a) (2), to be his abode in the vicinity of his principal place of employment. , affd. ; ; , affd. per curiam ; . In some cases we have held that a construction worker was "away from home" within the meaning of the statute when he was assigned by his union to work temporarily at a location not within commuting distance of the area in which he maintained his actual residence. . *120 See also . But where a taxpayer has no principal place of business and no fixed and permanent residence, we have held that he is not "away from home" at a place where he was temporarily working on the basis that he had either no "tax home" or his "tax home" was wherever he was working at the moment. ; ; , affd. per curiam . See also ; . Respondent concedes that petitioner was temporarily assigned by his local union (in Kingman, Arizona) on January 1, 1973, to a construction project (in Page, Arizona) not within commuting distance of the area in which he then maintained his actual residence (in Kingman, Arizona). Respondent, however, contends that as of April 2, 1973, the date of the divorce from his former wife, petitioner's "tax home" ceased to be Kingman, Arizona, and became his *121 abode in the vicinity of his work in Page, Arizona. We agree. After petitioner was divorced from his former wife on April 2, 1973, he had no substantial connection with Kingman. His former residence became his ex-wife's property, subject only to his $4,000 lien on the proceeds of its eventual sale. He conducted no business and maintained no residential quarters in Kingman.He was employed full time in Page, where he lived in a mobile home. It is true that petitioner made frequent trips to Kingman attempting to effect a reconciliation with his former wife, and he exhibited unceasing concern for the well-being of his family. But his repeated efforts to persuade his former wife to live with him in Page, the exchange of his travel trailer for a mobile home in July 1973, and his eventual move to Phoenix (not back to Kingman) in October 1973, persuade us that petitioner no longer regarded the Kingman residence as his home after the divorce. Since petitioner did not have a fixed and permanent residence after April 2, 1973, his "tax home" became his place of abode in Page, where he was employed. Thus, between April 2, 1973, and October 19, 1973, petitioner was not "away from home" *122 while working in Page and is not entitled under section 162(a)(2) to deduct the cost of his meals and lodging during that period. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue.